**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SHELIA RENEE HOLMES**                                          **PLAINTIFF**

**V.**                                                 **CAUSE NO. 3:17-CV-75-CWR-FKB**

**JIM WALTER HOMES, INC., ET AL.**                                **DEFENDANTS**

**ORDER**

On February 16, 2017, plaintiff Shelia Renee Holmes was ordered to amend her complaint. The Order directed Holmes to the applicable legal standard, *see Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007), as well as Rule 8. Holmes has now filed her amended complaint and a variety of attachments. *See* Docket No. 21.

A legally sufficient complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but not "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

"A *pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

In Holmes' amended complaint, the factual allegations most likely to state a plausible claim for relief are these: (1) in April 2008, Jim Walter Homes filed a forged deed of trust in the

Chancery Court of Rankin County, Mississippi; (2) Ditech Financial set up a fraudulent account in her name, took her money, harassed her, and foreclosed on her home; and (3) in 2010 and 2011, her former employer used Holmes' confidential medical information to get Holmes fired from a series of jobs. The remainder—largely sovereign citizen phrases and nonspecific allegations of wrongdoing against defendants as varied as Walgreens, "Chelsey Manning," a local U.S. Bankruptcy Judge, various medical providers, and the Equal Employment Opportunity Commission, among many others—does not contain sufficient facts to state a plausible claim.[1]

As for (1) and (2), Holmes' allegations are untimely. The statute of limitations has run on a claim which arose in 2008. It also is not clear whether this Court has jurisdiction over Holmes' state law claims, which form the bulk of her complaint. Her federal claim against these parties, RICO, fails because Holmes "makes no reference to business or property damage sustained by any racketeering activities to provide a civil remedy as contemplated by the statute." *Mason v. Anderson*, No. CV H-15-2952, 2016 WL 4398680, at *3 (S.D. Tex. Aug. 18, 2016).

Regarding (3), the statute of limitations has also run on Holmes' employment/medical privacy claims against her former employer, its manager, and the EEOC, where she complained about the employer's conduct.

All of Holmes' causes of action against all defendants are dismissed without prejudice. A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 10th day of March, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Several parties have also briefed jurisdictional and service defenses, among others, which the Court does not reach. By reaching the merits at this point, the Court wishes to save the myriad parties the significant time and expense of responding to the amended complaint.